**Gary D. BOWEN, Plaintiff,**

v.

**W.R. GRACE & CO.—CONN., Defendant.**

**No. CV 89–130–M–CCL.**

United States District Court, D. Montana. Missoula Division.

Jan. 24, 1991.

Thomas A. Baiz, Regnier, Lewis & Boland, Great Falls, Mont., Edward J. Westbrook, Charleston, S.C., for plaintiff.

Gary Graham, Missoula, Mont., for defendant.

### OPINION AND ORDER

LOVELL, District Judge.

This cause is before the court on several motions filed by Defendant. The court considers each motion in turn, and for purposes of clarity denominates the motions in the same manner used by the parties.

A. *Motion in Limine*

Defendant first moves in limine to prohibit evidence relating to occurrences prior to the time Defendant acquired the Libby

---

facility in 1963, arguing that it would be unfair to impose punitive damages on the Defendant for occurrences over which it had no control. Plaintiff argues that evidence as to pre–1963 occurrences is relevant because when Defendant acquired the Libby facility it agreed to assume all liabilities of the purchased company and because when Defendant acquired the facility it continued to operate the facility in essentially the same manner in which it had been operated prior to acquisition.

■ Most jurisdictions hold that corporations are liable for the torts of the companies they acquire when liabilities are expressly assumed as part of the acquisition. *Leannais v. Cincinnati, Inc.*, 565 F.2d 437, 439 (7th Cir.1977). In this case, Defendant expressly assumed the liabilities of Montana Vermiculite Company. It cannot argue that it had no responsibility for or connection to the company it acquired.

■ However, successor liability applies only to compensatory damages. *See In re Related Asbestos Cases*, 566 F.Supp. 818, 822–23 (N.D.Cal.1983). Montana allows punitive damages only when the plaintiff proves fraudulent, malicious, or oppressive conduct by the defendant. Any evidence as to the fraudulent, malicious, or oppressive conduct of Defendant's predecessor would therefore be irrelevant in proving Defendant's responsibility for punitive damages. For that reason, Defendant's motion in limine is granted as it applies to successor liability for punitive damages. Defendant's motion is denied as it applies to successor liability for compensatory damages, unless Defendant can later demonstrate that specific items of evidence are inadmissible.

Defendant further contends that evidence of conditions at the facility prior to the time Plaintiff was hired in 1975 are irrelevant and prejudicial. In response, Plaintiff argues that pre–1975 conditions are relevant because they demonstrate the existence of notice to Defendant as to the alleged defect and the alleged hazardous conditions. The court agrees. As Plaintiff points out, Defendant is free to argue at trial that the conditions at the facility were different after Plaintiff was employed. Those arguments, however, go to the weight of the evidence rather than its admissibility. Accordingly, Defendant's motion in limine is denied as to pre–1975 working conditions.

### B. *Due Process and Punitive Damages*

Defendant asserts that punitive damages are unconstitutional under the due process clause of the United States Constitution. Defendant states that it makes this motion now only to provide the court with notice that it intends to raise the issue at a later date. Because Defendant's motion does not ask the court for a ruling, the court will not address it at this time.

### C. *Punitive Damage Procedure*

Defendant argues that evidence of the conduct of Defendant and its predecessor which occurred prior to 1975 would be relevant only to the issue of punitive damages and thus asks the court to bifurcate the liability issue from the punitive damage issue. While the court does not, for purposes of this motion, rule on the relevance of pre–1975 evidence as it relates to liability, the court agrees that it would be appropriate to bifurcate the issues of liability and punitive damages. Accordingly, the court bifurcates the two issues and holds that evidence relating solely to the punitive damages issue may not be introduced or mentioned during the liability portion of the trial.

### D. *Evidence*

Defendant moves to exclude several items of evidence which it claims are irrelevant or prejudicial. First, Defendant contends that any evidence relating to the Multibestos Company is irrelevant and prejudicial because W.R. Grace Company never had any ownership interest in Multibestos Company. Plaintiff argues that there was a connection between W.R. Grace Company and Multibestos Company that stemmed from the relationship between the chairman of W.R. Grace and Bradley Dewey. Plaintiff asserts that because Dewey was directly involved with both Multibestos

**684**

Company and W.R. Grace Company, Dewey's knowledge of asbestos hazards can be imputed to Defendant. Again, Defendant's arguments go to the credibility of the evidence rather than to its admissibility. In light of the notice issue and the apparent connection between Multibestos Company and Defendant, the court is not persuaded by an objection of relevance.

Defendant asserts that many of the Multibestos documents lack foundation. Because the court has not examined the documents and has not been informed of the purpose for which any particular document would be introduced, the court is unable to make a ruling as to foundation at this time.

Defendant next argues that several individual documents are inadmissible. However, Defendant fails, until its reply brief, to specifically identify the documents which it finds objectionable. Moreover, the parties have not yet filed the proposed trial exhibits with the court. Without an opportunity for Plaintiffs to respond to the particularized objections, and without an opportunity for the court to examine the documents to which objection is made, Defendant's motion as to those documents is premature. Accordingly,

IT IS ORDERED that Defendant's motion to exclude evidence is DENIED.

For the reasons stated herein, IT IS FURTHER ORDERED that Defendant's motion to bifurcate the trial of the liability issues from the punitive damages issues is GRANTED, and that Defendant's motion in limine is GRANTED as to successor liability for punitive damages, and DENIED as to the remainder of the motion.